IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Misc. No. 06-124 (RBW) |
| | ) | |
| I. LEWIS LIBBY, | ) | <u>Oral argument requested</u> |
|    also known as "Scooter Libby," | ) | |
|    Defendant. | ) | |
| ------------------------------------------------------------ | ) | |
| | ) | |
| MATTHEW COOPER, | ) | |
|    Movant. | ) | |

**<u>REPLY OF MATTHEW COOPER
IN SUPPORT OF HIS MOTION TO QUASH</u>**

Matthew Cooper respectfully submits this reply brief in support of his motion to quash the subpoena issued to him by Defendant I. Lewis "Scooter" Libby.

In his Motion to Quash Subpoena, Mr. Cooper adopted as his own the arguments made by Time Inc. ("Time") for quashing the materially similar subpoena issued to Time as set forth in Time's Memorandum of Points and Authorities in Support of Time's Motion to Quash or Modify, filed in the related action Misc. No. 06-128 (RBW). Specifically, Mr. Cooper adopted Time's arguments that the subpoena issued to him, like the subpoena to Time, is overbroad, unreasonable, and burdensome under Federal Rule of Criminal Procedure 17(c) and seeks information protected by the reporter's privilege under the First Amendment to the United States Constitution as well as the common law and Federal Rule of Evidence 501.

In opposing Mr. Cooper's motion, Mr. Libby seeks to create two false impressions. First, Mr. Libby claims in his brief in opposition ("Libby Opp. Br.") that adopting Time's argument "does [Mr. Cooper] little good since *Time* specifically limits its argument to documents possessed by employees *other than Mr. Cooper*." Libby Opp. Br. at 33 (emphasis in original). This claim is inaccurate. Time's arguments, both as to the defects under Rule 17(c) and the

protection afforded by the reporter's privilege under the First Amendment and federal common law, apply with equal force to the subpoenas issued to Time and to Mr. Cooper, which call for substantially the same materials in Time's and/or Mr. Cooper's possession.

Second, Mr. Libby suggests that Mr. Cooper has a "pro-Wilson" bias, a claim that is both entirely without support and wholly inaccurate. *See* Libby Opp. Br. at 34, 35. Quite simply, Mr. Cooper denies having any such bias, and he rejects the implication from Mr. Libby that his testimony before the grand jury was anything but truthful.

For the reasons stated in Time's opening Memorandum of Points and Authorities, as well as the reasons stated in the Reply Brief of Time Inc. in Support of its Motion to Quash or Modify, filed today in Misc. No. 06-128 (RBW), which again Mr. Cooper adopts Time's arguments as his own, Mr. Cooper respectfully requests that the Court quash or modify the subpoena issued to him.

Mr. Cooper respectfully requests oral argument.

Dated: May 8, 2006                              Respectfully submitted,

                                                         /s/
Richard A. Sauber (D.C. Bar. No. 385070)
Michael J. Anstett (D.C. Bar. No. 472177)
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
1001 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20004-2505
Telephone: 202.639.7000
Facsimile: 202.639.7003

Counsel for Matthew Cooper